IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NOS. 3:01CR72-9 & 3:04CR4-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| TERRY HALL | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for clarification of his sentence; the Government has filed a response.

In 2001, the Defendant was indicted in Case No. 3:01CR72 and charged with conspiracy to defraud the United States, making and passing counterfeit securities, and bank fraud. He entered into a plea agreement with the Government and pled guilty to the conspiracy charge. The undersigned sentenced him on October 25, 2001 to serve 32 months imprisonment followed by 36 months supervised release. **Judgment in a Criminal Case, Criminal No. 3:01CR72, filed November 28, 2001.** On January 24, 2002, his prison sentence was reduced to 16 months. The Defendant was released from prison on July 5, 2002.

On February 3, 2004, a petition was filed to revoke his supervised release due to new criminal conduct, including renewed allegations of bank fraud.  On August 24, 2004, his supervised release was revoked and he was sentenced to serve 18 months imprisonment.  **Judgment in a Criminal Case, Criminal No. 3:01CR72, filed September 10, 2004.**

Meanwhile, the Defendant had been indicted in Case No. 3:04CR04, on January 30, 2004, charging him with conspiracy to commit bank fraud and mail theft, bank fraud, and possession of stolen mail.  The Defendant once again entered into a plea agreement with the Government and on June 6, 2005, the undersigned sentenced him as follows: (1) the Defendant was to serve 60 months incarceration for his conviction for conspiracy, to be followed by 36 months supervised release; (2) the Defendant was to serve 62 months incarceration for his conviction for bank fraud, to be followed by 60 months supervised release; (3) these sentences were to run concurrently with each other and with the active sentence imposed for the supervised release violation in Case No. 3:01CR72.  **Judgment in a Criminal Case, Criminal No. 3:04CR4, filed June 28, 2005.**

The Defendant claims the Bureau of Prisons (BOP) has improperly calculated his prison sentence. The short answer is that the Defendant has not shown or alleged that he has exhausted the administrative remedies available to him through the BOP. Federal regulations provide for administrative review through the BOP of the computation of prison sentences and a defendant may not seek judicial review until after that review has been exhausted. ***United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Burcham*, 91 Fed. Appx. 820, 823 n.2 (4th Cir. 2004).**

However, in view of the fact that the Government has filed a response to which it has attached a declaration from a BOP employee, it is unclear whether the Defendant has completely exhausted his administrative remedies. As a result, the Court will address the issue.

On February 2, 2004, the Defendant was arrested for supervised release violations in Case No. 3:01CR72. He was detained in federal custody continuously until his August 24, 2004, court appearance at which time the undersigned revoked his supervised release and sentenced him to serve 18 months imprisonment. The Defendant acknowledges that the

BOP has given him credit for this time spent in detention toward that 18 months sentence.

On the same date that he was arrested in connection with the supervised release violation, February 4, 2004, the Defendant was arrested for the charges contained in Case No. 3:04CR04. He remained continuously in custody until his sentencing on June 6, 2005. However, the Defendant believes that because this sentence was ordered to run concurrently to the sentence in Case No. 3:01CR72, he should receive credit against his sentence in Case No. 3:04CR04 beginning on August 24, 2004.

> Title 18 U.S.C. § 3585(b) provides in pertinent part:
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>     (1) as a result of the offense for which the sentence was imposed; or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

**18 U.S.C. § 3585(b).** Prior to the date the Defendant's sentence was imposed in Case No. 3:04CR04 on June 6, 2005, he was detained in federal custody in connection with the supervised release violation in Case

No. 3:01CR72 from August 24, 2004, through June 6, 2005. However, the time between August 24, 2004, and June 6, 2005, has been credited against another sentence; *i.e.*, Case No. 3:01CR72.

The Court has reviewed the response of the Government and the declaration of the BOP employee and finds that the Defendant has not stated any grounds for a clarification of sentence.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for clarification of sentence is hereby **DENIED.**

Signed: February 16, 2006

Lacy H. Thornburg
United States District Judge