**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO.  3:04CR4**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **TERRY HALL** | ) | |
| | ) | |


**THIS MATTER** is before the Court on the Defendant's motion for

modification of his sentence.  The motion is denied.

Defendant argues the Court erred in applying a two-point

enhancement to his sentence pursuant to U.S.S.G. § 2B1.1(b)(2)(A) for the

number of victims harmed by his criminal activities.  However, such

enhancement was agreed to by the Defendant and his attorney when they

entered into the plea agreement with the Government.  The plea

agreement set forth a base offense level of 7, added 8 points for the

amount of the loss pursuant to U.S.S.G. § 2B1.1(b)(1)(E), another 2 points

for the number of victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A), and

another 4 points for being a leader or manager pursuant to U.S.S.G. §

3B1.1(a), for a total adjusted offense level of 21. ***See* Plea Agreement, filed April 19, 2004.** Defendant's argument that the Court erred in imposing a sentence in compliance with an agreement signed by both Defendant and his attorney is clearly disingenuous.

Assuming *arguendo* that the Defendant's motion had merit, the Court is without jurisdiction to modify or reduce the Defendant's sentence for the reasons set forth in his motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for modification of sentence is hereby **DENIED.**

Signed: January 23, 2008

Lacy H. Thornburg
United States District Judge